# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

GLENN FEDERMAN,

                              Plaintiff,                  5:19-cv-00708 (BKS/TWD)

v.

TOWN OF LORRAINE; HIGHWAY
SUPERINTENDENT JOSEPH WASILEWSKI; DEPUTY
HIGHWAY SUPERINTENDENT HAROLD DOWNEY;
TOWN SUPERVISOR VINCE MOORE; TOWN
COUNCIL MEMBERS DAVID JOHNSON, JOE
HODGES, LESTER HOBBS, GORDON HUTTON,
DEVIN M. FILSON, TIM TRYON, MICHAEL
DOBBINS, and DAMIAN M. SMITH,

                              Defendants.

---

**Appearances:**

*Plaintiff, pro se:*
Glenn Federman
Adams, NY

*For Defendants:*
John D. Aspland, Jr.
FitzGerald Morris Baker Firth, P.C.
68 Warren Street
P.O. Box. 2017
Glens Falls, NY 12801

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On May 24, 2019, Plaintiff *pro se* Glenn Federman filed a complaint in New York Supreme Court, Jefferson County, asserting that Defendants, the Town of Lorraine and several of its officials, violated his rights under New York state law, the New York State Constitution, and

the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983, by failing to maintain the road in front of his home. (Dkt. No. 2). Defendants removed the action under 28 U.S.C. § 1446 to this Court on June 14, 2019 based on federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1). Presently before the Court are Defendants' motion for a more definite statement and to strike matter from the Complaint under Rules 12(e) and 12(f) of the Federal Rules of Civil Procedure, (Dkt. No. 6), and Plaintiff's motion to remand the case to state court. (Dkt. No. 9). The parties have filed responsive papers. (Dkt. Nos. 13, 15, 17).[1] For the reasons set forth below, Plaintiff's motion is denied, and the Defendants' motion is granted in part.

## II.  FACTS[2]

Plaintiff has lived on Miller Road in the Town of Lorraine ("Town") since 1984. (Dkt. No. 2, ¶ 243). His house sits at the end of the road, at the bottom of a hill, and on the edge of the Town. (*Id.* ¶¶ 40–41, 58–59). Local and Town vehicles—in particular, buses and snow plows—regularly used the portion of the road in front of his house as a turnaround. (*Id.* ¶¶ 46–47, 69–70). However, the Town has not made any "permanent paved road improvements" to that portion of the road since 1984. (*Id.* ¶ 54).

---

[1] Defendants argue that Plaintiff did not respond to their motion for a more definite statement and ask this Court, under Local Rule 7.1(b)(3), to treat Plaintiff's failure to respond as consent to granting their motion. (Dkt. No. 13, at ¶¶ 10–11). Plaintiff maintains that he was not timely served with Defendants' motion; he has responded to Defendants' reply arguing that a more definite statement is not necessary because his complaint is "simple" and "written plainly." (Dkt. Nos. 17, at ¶¶ 2, 8; 9-1, at 6). In light of Plaintiff's *pro se* status, the Court has chosen to review the entire record, construing Plaintiff's submissions as responsive to Defendants' motion. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion whether to overlook a party's failure to comply with local court rules.").

[2] On a motion to remand, a court "must constru[e] all factual allegations in favor of the party seeking remand." *Monty v. Home Depot USA, Inc.*, No. 11-cv-00446, 2011 WL 4810865, at *2, 2011 U.S. Dist. LEXIS 117103, at *4 (N.D.N.Y. Oct. 11, 2011) (internal quotation marks omitted). Accordingly, the facts recited here are taken from the Complaint and assumed to be true for the purposes of the parties' motions.

In 2015, the Town revised its tax assessment map, which re-classified the portion of Miller Road in front of Plaintiff's home as a private road. (*Id.* ¶¶ 67–69). Since this change, the Town has stopped plowing snow and laying sand on his section of Miller Road. (*Id.* ¶¶ 71–72). Additionally, buses no longer stop near Plaintiff's home. (*Id.* ¶ 70).

In 2017, the Town decided to pave the portion of Miller Road deemed public, while excluding the portion along Plaintiff's property from these improvements. (*Id.* ¶¶ 80–81). The Town's decision to pave part of Miller Road "created a two-tier neighborhood," consisting of "a top tier affluent neighborhood" at the top of the hill, where three homes sat along the paved portion of Miller Road, and a "bottom tier" at the bottom of the hill, where Plaintiff's house was situated along the unpaved portion of the road. (*Id.* ¶¶ 81, 94–95). Thereafter, the Town spent thousands of dollars maintaining "the paved section for their friends on Miller Road" and spent "around zero dollars" on the "unpaved section for Plaintiff, who is not their friend on Miller Road." (*Id.* ¶¶ 192–93). Instead of providing permanent improvements, Defendants have continued to spread loose gravel on the unpaved section of Miller Road. (*Id.* ¶ 284). On at least one occasion, Defendants spread this gravel onto Plaintiff's property to widen the road, without first establishing municipal ownership of the private road. (*Id.* ¶¶ 205, 223, 225).

Plaintiff is disabled and uses a scooter for mobility. (*Id.* ¶¶ 2, 119). The Town's failure to maintain his section of Miller Road has adversely affected Plaintiff's mobility. (*Id.* ¶ 119). Specifically, Plaintiff alleges that the Town's failure to lay salt and sand on the road during winter caused him to slip and fall in 2018. (*Id.* ¶¶ 126–28). Plaintiff received medical treatment for his injury and was unable to return to his daily activities for twelve weeks. (*Id.* ¶¶ 132–136). Additionally, Plaintiff's property has declined in value, and he has felt isolated from his

community. (*Id.* ¶ 460). Broadly speaking, Plaintiff alleges that Defendants' actions have caused him medical, emotional, and financial hardship. (*Id.* ¶ 468).

## III. DISCUSSION

### A. Plaintiff's Motion to Remand

The defendants "bear[] the burden of demonstrating the propriety of removal." *Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (quoting *Grimo v. Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs In'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

Plaintiff moves to remand this case under 28 U.S.C. § 1447(c). (Dkt. No. 9-1, at 3). Plaintiff argues that, because nine of his ten causes of action arise under state law, the case as a whole "is not substantially dependent" on the single federal claim. (Dkt. No. 9-1, at 5). He contends that this Court lacks "substantial original jurisdiction" and "substantial supplemental jurisdiction" over his claims. (*Id.* at 7, 9). Defendants respond that removal was proper, based on the federal question presented by Plaintiff's Section 1983 claim. (Dkt. No. 15-1, at 5). Defendants contend that remanding Plaintiff's state-law claims "would be unduly burdensome and a waste of judicial resources" because the causes of action all share a common factual basis. (*Id.* at 7). The Court agrees with Defendants.

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants," to the appropriate federal district court. 28 U.S.C. § 1441(a). Once a case has been properly removed, under § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that

4

are so related to claims in action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997) (quoting 28 U.S.C. § 1367(a)). Where Section 1367(a) is satisfied, "the discretion to decline supplemental jurisdiction is available *only if* founded upon an enumerated category of subsection 1367(c)." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998)). Under § 1367(c), the Court "may decline to exercise supplemental jurisdiction over a claim" if (1) "the claim raises a novel or complex issue of State law"; (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) "the district court has dismissed all claims over which it has original jurisdiction, or" (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c). However, even where at least one of the subsection 1367(c) factors is applicable, "a district court should . . . exercise supplemental jurisdiction unless it also determines that doing so would not promote . . . economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004).

Here, the Court finds removal was proper. In his ninth cause of action, Plaintiff brings a claim under Section 1983, alleging that Defendants "denied Plaintiff equal access to the services and protections of the Town . . . based on his disability, in violation of the Equal Protection Clause of the Fourteenth Amendment." (Dkt. No. 2, at 57). Although disability is not a "protected class" under the Equal Protection Clause, *see Suffolk Parents of Handicapped Adults v. Wingate*, 101 F.3d 818, 824 n.4 (2d Cir. 1996)), a "class of one" equal protection claim may be brought where the plaintiff "alleges that she had been intentionally treated differently from

5

others similarly situated and that there is no rational basis for the difference in treatment." *Ruston v. Town Bd. For Town of Skaneateles*, 610 F.3d 55, 58 (2d Cir. 2010). This requires "an extremely high degree of similarity" between the plaintiff and the persons to whom he compares himself. *Id.*, at 59. To succeed on such a claim, a plaintiff "must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Id.* at 59–60.

Federal district courts have original jurisdiction over Section 1983 claims because they raise questions of federal law. *See* 28 U.S.C. § 1331; *Kohl Indus. Park Co. v. Rockland Cty.*, 710 F.2d 895, 899 (2d Cir. 1983). Thus, to the extent that the Plaintiff seeks to proceed under a class-of-one equal protection claim, the Court has original jurisdiction over the federal claim.

Next, the Court elects to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court finds Plaintiff's claims "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006). All of the allegations relate to the reclassification of the portions of Miller Road near Plaintiff's home and the subsequent effect of that reclassification. (Dkt. No. 2, ¶¶ 67–72). Thus, "the facts underlying the federal and state claims substantially overlap[]" such that the claims derive from a common nucleus. *Achtman*, 464 F.3d at 335.

The Court also finds that Plaintiff's state law claims do not "substantially predominate over" his sole federal claim.³ (Dkt. No. 9-1, at 10); *see* 28 U.S.C. § 1367(c)(2). Construed liberally, Plaintiff's argument relates both to the number of state versus federal claims and to the substance of those claims. Plaintiff's complaint raises nine state claims and only one federal claim. (*Id.* at 12). Plaintiff asserts that "the hard core of [his] claims . . . clearly outline matters of state law which deserve to be heard first in that jurisdiction." (*Id.* at 12–13).

Although the issue is difficult to assess at this early stage, particularly where Defendants have not briefed the issue, (*see* Dkt. No. 15-1, at 6–7), the Court finds that the state claims do not appear to "substantially predominate[]" over Plaintiff's sole federal claim. *See* § 1367(c)(2). Importantly, whether a claim substantially "predominates" involves more than "a numerical count of the state and federal claims" asserted. *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 613 F. Supp. 2d 437, 443 (S.D.N.Y. 2009) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995)); *see also Gibbs*, 383 U.S. at 726–27 (explaining that state-law claims can substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought"). Rather, courts look to whether "the claims are of the same type" to decide whether the state law claims predominate over federal claims. *Blackrock Allocation Target Shares: Series S Portfolio v. Bank of N.Y. Mellon*, 180 F. Supp. 3d 246, 257 (S.D.N.Y. 2016). "The 'substantially predominates' standard is met if the 'state claim constitutes the real body of a case, to which the federal claim is only an appendage' and 'litigation of all claims in the district court can accurately be described as allowing a federal

---

³ Plaintiff also contends, in conclusory fashion, that his state-law claims raise "novel and complex issues specific to New York . . . law[]." (Dkt. No. 9-1, at 9); *see* 28 U.S.C. § 1367(c)(1). The parties have not briefed this issue, and the Court therefore declines to consider it now.

7

tail to wag what is in substance a state dog.'" *MTBE*, 613 F. Supp. 2d at 443 (quoting *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003)).

*MTBE* is instructive. There, the Court declined to exercise supplemental jurisdiction over the plaintiff's federal Toxic Substances Control Act claim. *Id.* at 445–46. But the federal claim in *MTBE*, unlike Plaintiff's equal protection claim here, arose from "a narrow and specialized federal statute" that "provide[d] only a limited remedy." *Id.* at 445. By contrast, Plaintiff's federal claim arises under the Fourteenth Amendment's Equal Protection Clause by way of § 1983, which is neither narrow nor specialized. *See Plyler v. Doe*, 457 U.S. 202, 214 (1982) (discussing the Equal Protection Clause's "broad objectives"). The underlying factual basis of Plaintiff's federal claim—the Town's treatment of his property, as opposed to his neighbors' property—is a common issue running through almost all the state claims and further, all the claims seek the same relief. Thus, because many of Plaintiff's claims are of the same type, declining supplemental jurisdiction "would undermine the efficiency rationale of supplemental jurisdiction" to adjudicate these claims in two separate forums. *Shahriar*, 659 F.3d at 246; *see also Blackrock*, 180 F. Supp. 3d at 257.

Accordingly, as removal was proper, Plaintiff's motion to remand is denied. In his motion to remand, however, Plaintiff seems to indicate that he did not intend to assert a federal claim. (*See* Dkt. No. 9-1, at 4 ("Counts 1–8 and Count 10, are exclusively based on New York State Laws. Count 9 addressed 42 U.S.C. § 1983 but it was only as a highlight for the NYS Constitution.")). To the extent Plaintiff seeks to proceed only on his state law claims or did not intend to bring a federal equal protection claim, he may move for voluntary dismissal of this claim. While the Second Circuit has not resolved whether the proper vehicle to voluntarily dismiss a claim is Rule 15 or Rule 41(a), "the district court may permit withdrawal of a claim

under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a)." *Wakefield v. N. Telecom. Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) (citing 5 Moore's Federal Practice ¶ 41.06-1 at 41-83; *Mechmetals Corp. v. Telex Computer Products, Inc.*, 709 F.2d 1287, 1294 (9th Cir. 1983)); *Machne Menachem, Inc. v. Hershkop*, No. 97-cv-2550, 2003 WL 1193528, at *2, 2003 U.S. Dist. LEXIS 2804, at *4 (E.D.N.Y. Jan. 31, 2003); *see also Podlin v. Ghermezian*, No. 13-cv-4117, 2014 WL 3844629, at *1, 2014 U.S. Dist. LEXIS 104535, at *3 (S.D.N.Y. July 29, 2014), *aff'd*, 601 F. App'x 31 (2d Cir. 2015).

In the event Plaintiff intends to voluntarily dismiss the federal claim, the Court will then consider whether to exercise jurisdiction over the remaining state law claims or remand them to state court. *See Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006) (explaining that in "the usual case in which all federal-law claims are eliminated before trial . . . the balance of factors to be considered . . . judicial economy, convenience, fairness, and comity . . . will point toward [a district court] declining to exercise jurisdiction over the remaining state-law claims" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Any motion for voluntary dismissal of the federal claim must be filed by December 9, 2019. If Plaintiff does not seek to dismiss his federal claim, this case will proceed as filed.

### B. Defendants' Motion for a More Definite Statement

Defendants ask this Court to order Plaintiff to provide a more definite statement of his Complaint and, next, to "eliminate the redundant, immaterial and argumentative matters from the amended pleading pursuant to [Federal Rules of Civil Procedure] 12(e) and 12(f)." (Dkt. No. 6-3, at 4).[4] According to Defendants, "Plaintiff's 60 page [sic] Complaint with 547 numbered paragraphs and 37 separate demands for relief regarding the alleged discrimination and personal

---

[4] Defendants have not identified any specific matter in the complaint that they seek stricken. (Dkt. No. 6-3).

injury that Plaintiff suffered as a result of the partial paving of Miller Road is neither short nor plain," as required by Federal Rule of Civil Procedure 8(a). (*Id.* at 5). The "scattering [of] argumentative, redundant and conclusory allegations in a random manner" does not adequately identify which facts and claims relate to which Defendants and which facts relate to which legal theory. (*Id.*) As a result, Defendants find themselves unable "to prepare a responsive pleading and to assert defenses." (*Id.*) Plaintiff argues that his Complaint is "simple, non-frivolous, factual, detailed and clearly written" within the bounds of the Federal Rules. (Dkt. No. 17, at ¶ 8).

To be sure, Plaintiff's 547-paragraph, 62-page Complaint is an exercise of endurance. (*See* Dkt. No. 2). It oscillates between meticulous descriptions of the relevant roadway to broad allegations of discrimination and fraud. (*See, e.g.*, *id.* ¶¶ 35–45, 172, 189). Nevertheless, the sheer length of a complaint does not render it invalid. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). A complaint satisfies Rule 8 if it "disclose[s] sufficient information to permit the defendant to have a fair understand of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). Dismissal is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42. And a motion under Rule 12(e) should not be granted "unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Sanchez v. City of New York*, No. 92-cv-1467, 1992 WL 167283, at *2, 1992 U.S. Dist. LEXIS 9844, at *4 (E.D.N.Y. June 29, 1992). *Compare Fraije*, 2010 WL 5464802, at *2, 2010 U.S. Dist. LEXIS 137571, at *7–8 (denying a motion for a more definite statement where 27-page complaint was not "ambiguous") *with Ames v.*

*Associated Musicians of Greater N.Y.*, 47 F.R.D. 540, 542 (S.D.N.Y. 1968) (rejecting 30-page complaint where it was "a jumble of averments"). The crucial inquiry under Rule 12(e) is whether the Complaint is "vague [or] incomprehensible." *Salahuddin*, 861 F.2d at 43.

Despite the Complaint's length, Plaintiff's allegations are neither vague nor unintelligible. The complaint alleges that Defendants discriminated against Plaintiff by failing to maintain and pave the road in front of his home. The litany of facts contained in the first 291 paragraphs of his complaint relate to different phases of this incident, thus "clearly identif[ying] the offending acts." *Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986). In so doing, Plaintiff's complaint describes "the general nature of the action." *Fraije*, 2010 WL 5464802, at *3, 2010 U.S. Dist. LEXIS 137571, at *8. Furthermore, Plaintiff has set forth these facts in consecutively numbered paragraphs, each containing just one, brief sentence or allegation. (*See generally* Dkt. No. 2).

Defendants argue that the factual allegations are "not affiliated with any particular Defendant or legal theory." (Dkt. No. 6-3, at 5). The complaint identifies ten separate causes of action, but only names two of the twelve defendants in the causes of action. (Dkt. No. 2). In the first nine causes of action Plaintiff seeks "money damages in excess of $25,000 against the Town of Lorraine Defendant." (*See id.*, ¶¶ 336, 379, 433, 461, 471, 511, 526, 540, 544). In the tenth cause of action, Plaintiff names the Highway Superintendent and the Town. (*Id.* ¶ 546). The factual allegations, however, generally refer to "the Defendants," without naming any individual defendant beyond Highway Superintendent Joseph Wasilewski in any cause of action. This failure to specify particular defendants renders the complaint ambiguous. *See Bower*, 639 F. Supp. at 538; *Caraveo v. Nielsen Media Research, Inc.*, No. 01-cv-9609, 2002 WL 530993, at *2, 2002 U.S. Dist. LEXIS 6026, at *5 (S.D.N.Y. Apr. 8, 2002).

Accordingly, the Court grants Defendants' motion for a definite statement in part and directs Plaintiff to amend his complaint to specify the particular defendant(s) to whom he is referring, and to identify the defendant(s) against whom he asserts each claim. Further, to the extent Plaintiff seeks to assert a § 1983 claim against any individual defendant he must demonstrate each defendant's personal involvement in the actions that are alleged to have caused the deprivation of his constitutional rights. *See Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016). Thus, in amending his complaint Plaintiff must state allegations against each individual he claims to be involved in the alleged deprivation of rights. Any amended complaint should "omit[] any unnecessary detail." *Salahuddin*, 861 F.2d at 43. Any such amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *Shields v. Citytrust Bankcorp., Inc.*, 15 F.3d 1124, 1128 (2d Cir. 1994). Failure to file an amended complaint within 21 days of this order may result in the dismissal of claims against individual defendants. *See* Fed. R. Civ. P. 12(e) ("If the court orders a more definite statement and the order is not obeyed within . . . the time the court sets, the court may strike the pleading or issue any other appropriate order.").

### C. Pre-Motion Letter and Conference

To the extent Defendants seek to file a motion to dismiss or a motion for judgment on the pleadings under Fed. R. Civ. P. 12(b)(6) or 12(c), the Court orders Defendants to comply with the following procedure. Defendants shall submit a letter not to exceed three pages in length, setting forth the grounds for the anticipated motion. Plaintiff may then respond with a letter not to exceed three pages, within one week of receiving Defendants' pre-motion letter. Plaintiff's letter should briefly describe any anticipated arguments in opposition. Upon review, the Court will issue an order scheduling a conference with the parties to discuss the issues raised. The

proposed motion shall not be filed until the Court enters an order with respect to the pre-motion letter. This procedure is designed to enable the Court to set an appropriate briefing schedule and to explore whether the motion may be obviated by an amendment to the pleadings or consent to the relief sought.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion to remand (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that Defendants' motion for a more definite statement (Dkt. No. 6) is **GRANTED in part**; and it is further

**ORDERED** that if Plaintiff intends to move for voluntary dismissal of his equal protection claim (Count 9), he must do so no later than December 9, 2019, **FOURTEEN (14) days** from the date of this Order; and it is further

**ORDERED** that if Plaintiff does not move for voluntary dismissal of his equal protection claim (Count 9), he must file an amended complaint containing a more definite statement of the claims, as set forth above, by December 16, 2019; and it is further

**ORDERED** that if Defendants seek to move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) or 12(c), they must comply with the pre-motion letter and conference procedure described above.

**IT IS SO ORDERED.**

Dated: November 25, 2019
Syracuse, New York

Brenda K. Sannes
U.S. District Judge