# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

GLENN FEDERMAN,

                           Plaintiff,                    5:19-cv-00708 (BKS/TWD)

v.

TOWN OF LORRAINE; HIGHWAY
SUPERINTENDENT JOSEPH WASILEWSKI; DEPUTY
HIGHWAY SUPERINTENDENT HAROLD DOWNEY;
TOWN SUPERVISOR VINCE MOORE; TOWN
COUNCIL MEMBERS DAVID JOHNSON, JOE
HODGES, LESTER HOBBS, GORDON HUTTON,
DEVIN M. FILSON, TIM TRYON, MICHAEL
DOBBINS, and DAMIAN M. SMITH,

                           Defendants.

**Appearances:**

*Plaintiff pro se:*
Glenn Federman
Adams, NY

*For Defendants:*
John D. Aspland, Jr.
FitzGerald Morris Baker Firth, P.C.
68 Warren Street
P.O. Box. 2017
Glens Falls, NY 12801

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.     INTRODUCTION

On May 24, 2019, Plaintiff *pro se* Glenn Federman filed a complaint in New York

Supreme Court, Jefferson County, asserting that Defendants, the Town of Lorraine and several of

its officials, violated his rights under New York state law, the New York State Constitution, and

the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. (Dkt. No. 2). Defendants removed the action under 28 U.S.C. § 1446 to this Court on June 14, 2019 based on federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1).

In response to the Court's November 25, 2019 Memorandum-Decision and Order, (Dkt. No. 19), Plaintiff moves to voluntarily dismiss his equal protection claim, which is his only federal claim and provides the only basis for federal jurisdiction. (Dkt. No. 20). He also renews his request that his case be remanded to state court. (*Id.*). Defendants did not respond by the Court's December 18, 2019 deadline. (*See* Dkt. No. 21). For the reasons that follow, Plaintiff's motion is granted, and the case is remanded to state court.

## II.     DISCUSSION

### A.     Plaintiff Voluntarily Withdraws His Federal Claim

Plaintiff moves to voluntarily dismiss his equal protection claim. As no Defendant has answered Plaintiff's complaint or moved for summary judgment, Plaintiff is entitled to voluntarily withdraw his claim. Fed. R. Civ. P. 41(a)(1)(A)(i) ("[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.").[1]

### B.     Plaintiff's Requested Remand to State Court

Having dismissed Plaintiff's equal protection claim, the Court declines, in its discretion, to retain supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3);

---

[1] The Court notes, as it did in its prior Memorandum-Decision in this case, (Dkt. No. 19, at 8–9), that while the Second Circuit has not resolved whether the proper vehicle to voluntarily dismiss a claim is Rule 15 or Rule 41(a), "the district court may permit withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a)." *Wakefield v. N. Telecom. Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) (citing 5 Moore's Federal Practice ¶ 41.06-1 at 41–83); *see also Machne Menachem, Inc. v. Hershkop*, No. 97-cv-2550, 2003 WL 1193528, at *2, 2003 U.S. Dist. LEXIS 2804, at *4 (E.D.N.Y. Jan. 31, 2003) ("Although a motion to eliminate only certain claims is actually a motion to amend the complaint (under Rule 15) rather than one for dismissal, there is no substantive difference between the two . . . Moreover, since the dismissal of the only claim providing any basis for federal subject

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). With the dismissal of the federal claims prior to the investment of significant judicial resources, the "traditional 'values of judicial economy, convenience, fairness and comity'" weigh in favor of declining to exercise supplemental jurisdiction. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Cohill*, 484 U.S. at 350). Accordingly, Plaintiff's state law claims are remanded to New York Supreme Court, Jefferson County, where the case originated.

## III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Voluntary Dismissal (Dkt. No. 20) is **GRANTED**; and it is further

**ORDERED** that the case is **REMANDED** to New York State Supreme Court, Jefferson County, under Index No. 2019-1146; and it is further

**ORDERED** that the Clerk shall mail a certified copy of this order of remand to the Clerk of the New York Supreme Court, Jefferson County.

**IT IS SO ORDERED.**

Dated: December 20, 2019
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

matter jurisdiction would make it imprudent to exercise supplemental jurisdiction over the state law claims, the present motion can be treated practically as one for dismissal under Rule 41.") (citation omitted).